IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY B. SHEPPARD,
      Plaintiff,

vs.                               Case No. 3:10cv153/RS/EMT

WILLIAM BILL EDDINS, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on the amended civil rights complaint filed pro se by Plaintiff Timothy B. Sheppard, pursuant to 42 U.S.C. § 1983 (Doc. 10). Plaintiff paid the filing fee (Doc. 5). As there appeared no jurisdictional grounds for dismissal of the complaint, the court directed the clerk of court to issue summonses for Defendants and advised Plaintiff that it was his responsibility to serve the complaint (Doc. 8).[1] Each of the four Defendants waived service of the summons (Docs. 19, 20, 21, 22). Those Defendants are William "Bill" Eddins, State Attorney for the First Judicial Circuit of Florida; Dan Clark, Assistant State Attorney assigned to Escambia County, Florida; Gregory Anchors, Assistant State Attorney assigned to Santa Rosa County, Florida; and Patricia Kinsey, former Assistant State Attorney assigned to Escambia County, Florida (Doc. 10 at 1–3).[2]

On August 10, 2010 and September 7, 2010, Defendants filed motions to dismiss, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure (Docs. 18, 27). Plaintiff filed responses in opposition to the motions (Docs. 24, 29). Upon review of the amended complaint, the

_____

[1] In light of Sheppard's pro se status, the court provided him with information concerning service of process (*see* Doc. 8).

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

motions to dismiss, and Plaintiff's responses, the undersigned concludes that this action should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6).

I.     ALLEGATIONS OF THE AMENDED COMPLAINT

In the amended complaint, Plaintiff states he has an identical twin brother, Thomas, who identified himself as Plaintiff to law enforcement from 1986 to 1993, which resulted in arrest warrants being issued for Plaintiff for failure to appear and Plaintiff's arrest on September 14, 1994 (Doc. 10 at 4).[3] Plaintiff states that on September 16, 1994, he appeared before Judge Johnson but was "pushed aside" (*id.*).  He states he was subsequently charged in the Circuit Court in an for Escambia County, Florida, with several offenses, including failure to redeliver leased equipment (Case No. 94-CF-004350) and worthless checks (Case Nos. 93-MM-022336, 93-MM-022337, and several others) (*id.* at 4, 8).  He was released on bond, and his next court appearance was scheduled for October 6, 1994 (*id.* at 5).  Plaintiff states he appeared in court that day with letters and receipts from merchants stating he had paid the amounts due on all but three or four of the worthless checks prior to issuance of the arrest warrants; and he brought a letter from West Florida Communication, the owner of the leased equipment, stating he did not attempt to defraud the company or avoid any debt owed (*id.* at 4, 6, 8; *see also* Doc. 24 at 2).  Judge Johnson rescheduled Plaintiff's court date to October 7, 1994 (Doc. 10 at 4).  Plaintiff states he immediately took the letters and receipts to the State Attorney's Office, where Defendant Clark made copies of the documents (*id.*).  Plaintiff appeared in court on October 7, 1994, and Defendant Kinsey appeared for the State (*id.*).  Defendant Kinsey told Plaintiff to meet her at her office that afternoon (*id.*).  Judge Johnson again rescheduled the matter to October 14, 1994 (*id.*).  Plaintiff met with Defendant Kinsey that afternoon, at which time Kinsey made copies of Plaintiff's documents (*id.*; *see also* Doc. 24 at 2).  Defendant Kinsey assured Plaintiff that all but four (4) of the worthless check charges would be dropped (Doc. 10 at 5).

Plaintiff appeared in court on October 14, 1994 (Doc. 10 at 5).  David Rimmer appeared for the State, but neither Defendant Clark nor Defendant Kinsey had provided Mr. Rimmer with copies

---

[3] Plaintiff states he was recently able to convince the Florida Department of Law Enforcement that his brother, Thomas, used Plaintiff's name to confuse and evade law enforcement (*id.* at 3).

of Plaintiff's documents (*id.*). Plaintiff did not bring the documents with him, so the matter was rescheduled for January 17, 1995 (*id.*). Prior to that date, on November 23, 1994, Plaintiff was arrested and his bond revoked (*id.*). On December 22, 1994, he appeared before Judge Johnson and was represented by Public Defender Davis (*id.*). Plaintiff explained that he had letters and receipts demonstrating he was not guilty of the worthless check charges, but Judge Johnson stated that Plaintiff had the burden of proof (*id.*). Plaintiff states Public Defender Davis coerced him to plead nolo contendere to the worthless check charges (*id.* at 5–6). Plaintiff states the same thing happened on January 5, 1995, with regard to the failure to redeliver leased equipment charge, when Public Defender Nicholas forced him to plead nolo contendere against his will in order to get out of jail (*id.* at 6).

Plaintiff states he was charged in 1995 in Santa Rosa County, Florida, Case No. 95-CF-00306, with obtaining food or lodging with intent to defraud (Doc. 10 at 7). Plaintiff states David L. Shelby, apparently the victim, gave him permission to use his credit card to pay hotel expenses (*id.*). Plaintiff states he repaid Mr. Shelby a portion of the expenses, but nine (9) months later, Shelby reported to the prosecutor in Santa Rosa County (apparently, Defendant Anchors) that Plaintiff stole his credit card (*id.*; *see also* Doc. 24 at 7–8). Plaintiff states a Santa Rosa County detective and the Santa Rosa County prosecutor refused to give Plaintiff a lie detector test (Doc. 10 at 7; *see also* Doc. 24 at 7–8). He states he was adjudicated guilty of a felony in that case (Doc. 10 at 7).[4] Plaintiff states because of his felony convictions, he cannot get the job he deserves or pursue his dreams (*id.*).

Plaintiff asserts that according to "Florida State procedure processing worthless check" and Florida Statutes Chapter 832, prosecutors have a duty to perform a preliminary investigation of worthless check charges by notifying merchants to determine whether the amounts due have been paid (Doc. 10 at 6). Plaintiff states if Defendants had fulfilled this duty, they would have learned that Plaintiff had paid nearly all of the amounts due (*id.*, *see also* Doc. 24 at 6). With regard to the

---

[4] The court takes judicial notice of the public docket in Santa Rosa County Case No. 95-CF-00306, which states that on June 12, 1995, Plaintiff, who was represented by counsel, was adjudicated guilty, pursuant to a written plea agreement, of obtaining food/lodging with intent to defraud. *See* http://www2.myfloridacounty.com/wps/wcm/connect/santarosaclerk.

charge involving failure to redeliver leased equipment, Plaintiff states Defendants Clark and Kinsey had a duty to investigate the charge by contacting the owner of the equipment, West Florida Communications (*id.*). Plaintiff states if Defendants had contacted the owner, they would have received a letter from a company employee stating that Plaintiff did not attempt to defraud the company or avoid any monetary obligation (*id.*).

Plaintiff contends Defendants Clark and Kinsey's failure to perform their investigative duties violated his due process rights under the Fourteenth Amendment and constituted cruel and unusual punishment prohibited by the Eighth Amendment (Doc. 10 at 6, 9; *see also* Doc. 24 at 6–8). He claims that as a result of their conduct, he was deprived of his liberty, deprived of his civil rights for sixteen (16) years, and deprived of a "ten million dollar deal" because he was unable to obtain a government loan due to the felony convictions (Doc. 10 at 7, 10). As relief, Plaintiff seeks monetary damages of $1,600,000.00 for mental anguish and violation of his rights ($100,000.00 for every year his civil rights have been taken) (*id.* at 9; Doc. 24 at 3). He additionally requests a public apology for the wrongful arrests from 1986 to 1994 (Doc. 10 at 9). He also requests that the court change his name to enable him to disassociate from his brother (*id.*).

II.    MOTIONS TO DISMISS

Defendants contend the complaint should be dismissed for failure to state a claim on several grounds (Docs. 18, 27). First, Plaintiff's claims for monetary damages are barred by the doctrine of prosecutorial immunity (Doc. 18 at 2–3, 6–7; Doc. 27 at 6–8). Second, Plaintiff's claims are barred by the four-year statute of limitations (Doc. 18 at 3–4, 7–8; Doc. 27 at 10). Third, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (Doc. 18 at 4, 8–9; Doc. 27 at 8–10). As an additional ground for dismissal, Defendants Eddins, Clark, and Anchors contend they are entitled to qualified immunity because Plaintiff alleges only negligent conduct, which is insufficient to state a basis for liability under the Eighth and Fourteenth Amendments (Doc. 18 at 3, 6, 7).

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond all doubt that the plaintiff can prove no set of facts . . . that would entitle him to relief" Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). The court should construe a pro se plaintiff's complaint more liberally than pleadings drafted by lawyers. *Id*. (citing Hughes v. Rowe,

449 U.S. 5, 9, 101 S. Ct. 173, 175, 66 L. Ed. 2d 163 (1980) (per curiam)).  Moreover, "[t]he allegations in the complaint must be taken as true for purposes of the motion to dismiss." *Id.* However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[5] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted).  Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal."  Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

The court first considers Defendants' argument that Plaintiff's claims are untimely.  Because § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. *See* Owens v. Okure, 488 U.S. 235, 236, 249–50 (1989).  In states with more than one statute of limitations, such as Florida, the forum state's general or residual personal injury statute of limitations applies to all § 1983 actions filed in federal court in that state. *Id.* at 236.  The applicable statute of limitations in Florida is four (4) years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); § 95.11(3)(p), Fla. Stat. (1995);

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

*see also* <u>City of Hialeah v. Rojas</u>, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). The statutory limitations period may be tolled by the adjudicated incapacity, or previously adjudicated incapacity, of plaintiff, but, in either event, "the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action." § 95.051(1)(d) & (h), Fla. Stat.; *see also* <u>Bd. of Regents of Univ. of State of N.Y. v. Tomanio</u>, 446 U.S. 478, 483–84 (1980) (federal courts borrow statutes of limitation and tolling provisions from state law in § 1983 actions).[6] The running of the statute of limitations is a sufficient ground to justify dismissal of a claim as frivolous. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1163 (11th Cir. 2003); <u>Clark v. Ga. Pardons & Paroles Bd.</u>, 915 F.2d 636, 641 n.2 (11th Cir. 1990).

While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." <u>Lovett v. Ray</u>, 327 F.3d 1181, 1182 (11th Cir. 2003). The general federal rule is that a cause of action "will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." <u>Chappell</u>, 340 F.3d at 1283 (citation omitted); <u>Brown v. Ga. Bd. of Pardons & Paroles</u>, 335 F.3d 1259, 1261 (11th Cir. 2003) (noting that the statute of limitations accrues "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"); *see also* <u>Walker v. United States</u>, 196 Fed. Appx. 774, 776 (11th Cir. 2006) (explaining that "a cause of action accrues for purposes of the statute of limitations in § 1983 and <u>Bivens</u> cases when the plaintiff knows or has reason to know of an injury and who has inflicted it").[7] The continuing violation doctrine constitutes an exception to this rule. "The critical distinction in the continuing violation analysis . . . is whether the plaintiffs complain of the present consequence of a one time

---

[6] The court notes that "[t]he doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust." <u>Justice v. United States</u>, 6 F.3d 1474, 1475 (11th Cir. 1993). It "is an extraordinary remedy which should be extended only sparingly," and before a court may equitably toll a limitations period, the plaintiff must establish that tolling is warranted. *Id.* at 1479.

[7] The undersigned cites <u>Waler</u>, an unpublished opinion, only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580–91 (11th Cir. 1994) (internal quotation marks omitted). Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *See*, *e.g.*, La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003).

Plaintiff's constitutional claims are based on his allegations that Defendants violated the Eighth and Fourteenth Amendments by failing to investigate the charges underlying Plaintiff's criminal convictions for worthless checks, failure to redeliver leased equipment, and obtaining food or lodging with intent to defraud. The claims accrued in 1994 and 1995 because Plaintiff knew both that he was "injured" and that Defendants had caused his "injury" upon his convictions for those charges in December of 1994, January of 1995, and June of 1995, respectively. Thus nearly fifteen (15) years elapsed between the failure to investigate that allegedly violated Plaintiff's constitutional rights and the filing of the instant action on May 11, 2010. This far exceeds the four-year statute of limitations that governs § 1983 actions in Florida. Moreover, Plaintiff does not allege, and nothing in the complaint implies, that the extraordinary remedy of equitably tolling the limitations period should be applied. *See* Justice, 6 F.3d at 1475, 1479. Additionally, the continuing violation doctrine does not save Plaintiff's § 1983 claims, as Plaintiff "complain[s] of the present consequence of [] one time violation[s], which does not extend the limitations period . . . ." Knight, 19 F.3d at 580–91. Accordingly, Plaintiff's § 1983 claims are barred by the statute of limitations and should be dismissed for failure to state a claim upon which relief may be granted. *See* Halfez v. Madison, 348 Fed. Appx. 465, 467 (11th Cir. 2009) (unpublished).

Additionally, the allegations of the amended complaint fail to state a constitutional violation. It was Plaintiff's public defender's duty to investigate and present Plaintiff's defense to each charge, not the prosecutor's. Furthermore, Plaintiff does not allege, nor do the facts suggest, that any Defendant engaged in conduct which was more than negligent, and showing a level of culpability more than negligence is necessary to state a claim of cruel and unusual punishment and a due process violation, whether procedural or substantive. *See* Daniels v. Williams, 474 U.S. 327, 328, 330–31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 348, 106 S.

Ct. 668, 88 L. Ed. 2d 677 (1986); <u>Porter v. White</u>, 483 F.3d 1294, 1307–08 (11th Cir. 2007).

Because the facts as pleaded do not state a claim to relief that is plausible on its face, dismissal of

this action is warranted.[8]

      Accordingly, it is respectfully **RECOMMENDED**:

      1.      That Defendants' motions to dismiss (Docs. 18, 27) be **GRANTED**.

      2.      That this action be **DISMISSED** for failure to state a claim upon which relief may

be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      At Pensacola, Florida, this <u>21st</u> day of September 2010.

               */s/ Elizabeth M. Timothy*
               **ELIZABETH M. TIMOTHY**
               **UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

      **Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[8] In light of the undersigned's conclusion that Defendants are entitled to dismissal based upon two of their asserted defenses, the court need not address the other defenses.

Case No: 3:05cv137/RV/EMT